La Renzie and wife, Appellants, vs. Eagle River Amuse-
ment Company, Inc., and others, Respondents.

*March 7—April 1, 1930.*

410

*Charles K. Bong,* attorney, and *Robert A. Kaftan,* of counsel, both of Green Bay, for the appellants.

For the respondents there was a brief by *Jonas Radcliffe* of Eagle River, attorney, and *Luchsinger & Riley* of Oshkosh, of counsel, and oral argument by *S. J. Luchsinger* and *Harry W. Riley.*

Rosenberry, C. J.   In their brief plaintiffs contend "that the judgment of the lower court should be reversed, with directions to appoint a receiver and wind up the affairs of these parties, and also with directions to allow the plaintiffs' agreed equity of $14,900 first out of the assets, or at least to allow it subsequent only to prior claims of $36,000 that, under the promoters' agreement, would have been the bond issue."

Defendants' contention is that the judgment should be allowed to stand because E. M. Ashton thereby remains a mortgagee of the plaintiffs' property subject to the two prior mortgages aggregating $22,000 and judgments prior to the deed; that upon payment of the amount advanced by the Ashtons the plaintiffs are entitled to the benefit of their equity in the property.

The findings of the trial court are well sustained by the evidence.   The principal contention of the plaintiffs, that they are entitled to preferred ·stock in the corporation amounting to $14,900 prior to any claim of defendants on account of moneys advanced by the Ashtons, fails because a condition precedent to the incorporation of the proposed Eagle River Amusement Company and transfer to the proposed corporation of the land in question was, as found by the trial court, that the plaintiffs were to raise money to assist in financing the new corporation and to discharge their own obligations which had become liens on the property, over and above the mortgages referred to.   The plaintiffs have failed to perform their contract.   Being in default upon the contract which was thereby rendered incapable of performance, they cannot assert rights under the contract which could only be asserted upon full performance by them. The contemplated arrangement failed largely by reason of the plaintiffs' default.   The property remains, therefore, in the hands of E. M. Ashton as security for the advances made by W. R. Ashton through the Eagle River Building and

Supply Company. Until the amounts so advanced are repaid, the interest of the plaintiffs is an equity of redemption. A better result might have been obtained if the trial court had more accurately stated the account of W. R. Ashton, which it finds to be "approximately $40,000." No one asked or suggested that a more accurate accounting be made. The plaintiffs sought and still seek to have their equity in the property declared superior to the interest of W. R. Ashton on account of the advances made by him through the Eagle River Building and Supply Company. Their contention was and is that that is the just measure of the relief to which they are entitled. The plaintiffs at no time have offered to redeem.

Upon the facts as found by the court and established upon the trial the plaintiffs are not entitled to the relief sought, and that no doubt was what the court meant by the second conclusion of law, which is, "The plaintiffs have no cause of action against the defendants." If that is not what the court meant, the second conclusion of law must be so interpreted; otherwise it would be in conflict with the first conclusion of law that the plaintiffs have an equity in the property, the benefit of which they may secure by paying the amounts advanced on the property by W. R. Ashton. The court may have had good reason for not foreclosing the plaintiffs' equity of redemption. That it did not is to the advantage rather than to the disadvantage of the plaintiffs. The defendants may have had good reason for not seeking a foreclosure of the plaintiffs' equity. All parties may have been of the opinion that postponement of the issue would be to their mutual advantage. The defendants do not complain because the exact value of their interest in the property is not fixed by the judgment. The plaintiffs did not and do not seek to redeem and so have no reason to complain of the judgment as rendered.

*By the Court.*—Judgment affirmed.